Willard **BROXSON**, Petitioner-Appellant,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, State of Florida, Respondent-Appellee.

No. 72-2675.

United States Court of Appeals, Fifth Circuit.

May 3, 1973.

Lewis F. Ray, Jr., Pensacola, Fla. (Court Appointed), for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Raymond L. Marky, Andrew W. Lindsey, Asst. Attys. Gen., Tallahassee, Fla., for respondent-appellee.

Before TUTTLE, GODBOLD and MORGAN, Circuit Judges.

TUTTLE, Circuit Judge:

This habeas corpus case is before this court for the second time. Broxson, the habeas corpus petitioner and appellant herein, in 1963 pled guilty to five counts of an information charging him with robbery and he was sentenced to concurrent terms of six months to twenty years imprisonment. He is currently incarcerated at Raiford State Prison in

Florida, his parole from the 1963 sentence having been revoked.

Once in 1964 and again in 1966 Broxson applied to a United States District Court in Florida for a writ of habeas corpus which both times was denied without hearing. In his second such petition he alleged (1) that he was illegally arrested without a warrant, and that his home and automobile were illegally searched; (2) that there was an unreasonable delay in taking him before a committing magistrate; (3) that following his arrest he was held incommunicado for a period of several days during which time he was coerced into signing a confession; (4) that he was denied an attorney of his choice and had inadequate time to prepare his defense; and (5) that he was afforded ineffective assistance of counsel. The district court concluded that these allegations had been raised and determined in the prior habeas corpus proceeding and refused to consider them anew. Broxson appealed to this court (Broxson v. Wainwright, 372 F.2d 944 (C.A. 5, 1967)) and we characterized the issue involved as follows:

"The threshold question, given the fact of a guilty plea, is whether the plea of guilty was voluntarily and understandingly made. Thus the sole question presented on this appeal is whether Broxson's allegations form such a contrary basis as to warrant reversal for a hearing on the question of whether the pleas of guilty were coerced. All of the other errors asserted occurred prior to the pleas and may not now form the basis for collateral relief until and unless the pleas of guilty are set aside."

We concluded that the allegations in the petition, taken separately or in sum, were insufficient to impugn the pleas of guilty, and on that basis refused to remand the case for a hearing.

██ ██ It is noted that each of Broxson's allegations in this earlier petition related to events precedent to his pleas of guilty and since none was jurisdic- tional in nature, any objection relative thereto was waived by entry of the pleas. Busby v. Holman, 356 F.2d 75 (C.A. 5, 1966). We have carefully studied the record of the case and the only allegation in Broxson's prior petition which might arguably be said to have impugned the validity of the guilty pleas is his statement that just prior to the entry of such pleas "the petitioner and three alleged co-defendants was (sic) all taken into a small room to consult with the lawyer, that during these proceedings one of the interrogating officers was present while the lawyer was to be discussing the defendants' case, that the attorney and officer talked in private before the lawyer came on into the room, that the attorney only advised the petitioner and his co-defendants to finish pleading guilty . . ." This allegation, we think, fell far short of raising a substantial question as to whether Broxson was coerced into entering his pleas of guilty.

██ However, in his present petition Broxson squarely raises an issue of fact with respect to coercion. He avers, among other things, that "the pleas of guilty of the petitioner were not freely and voluntarily made but was (sic) predicated upon . . . the belief instilled in the petitioner that he would be shot and killed; that his wife and sister would be seriously harmed and sexually molested; and that his children would be adopted out by the police and the welfare department *if he did not* cooperate and *plead guilty*." Moreover, with reference to the events transpiring immediately prior to his entry of the guilty pleas *Broxson makes additional allegations of fact, not present in his earlier petition*, to wit, that his court appointed attorney "failed to obtain the petitioner privacy while conferring with the petitioner and the other defendants, in that he allowed a police detective, Tommy Ray, who was the investigating officer of the petitioner's case, and the officer had threatened to shoot and kill the petitioner *if he did not plead guilty,* and during the pretrial conference the

police officer used coercements (sic) on the petitioner, and thwarted the petitioner from obtaining advice from the court appointed attorney . . ."

On the basis of the foregoing we conclude that Broxson has raised in his present petition an issue not heretofore raised, i. e., whether his pleas of guilty were coerced, which entitles him to a hearing on the merits of his application for writ of habeas corpus. *See* Fontaine v. United States, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 decided April 12, 1973. Accordingly, the case is remanded to the district court for a hearing and further proceedings not inconsistent with this opinion.