¶ 1. Here we consider the question of whether a standard practice of extracting a set fine from persons accused of writing bad checks on the pain of suffering a full criminal prosecution for failure to do so comports with the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. We answer that it does not. Accordingly we reverse and remand the judgment of the trial court.
 I.
¶ 2. On February 24, 1993, Mary Ann Moody was indicted by a Jones County Grand Jury, for the crime of False Pretense. On August 25, 1993, a jury found Moody guilty. Moody was sentenced to three years in the Mississippi Department of Corrections and fined $1,000, which was ordered one year suspended and $500 suspended. On August 26, 1993, the trial court denied Moody's motion for judgment notwithstanding the verdict, or in the alternative a new trial.
 II.
¶ 3. On or about October 12, 1991, Mary Ann Moody wrote a check to the order of City Salvage for $123.89. The check was written in exchange for two doors for Moody's mother's house. The check was returned to City Salvage for "non-sufficient funds." On February 24, 1993, she was indicted by a Jones County Grand Jury, for the crime of False Pretense. Moody was appointed counsel as an indigent defendant. After indictment the District Attorney's office assessed a levy of $500 plus restitution. Moody was given the option of paying a $500 fine plus restitution and having the case nolle prossed, or not paying the fine and being subjected to prosecution. Jeanne Jefcoat of the district attorney's office testified that this fine is imposed automatically once a defendant is indicted. Jefcoat testified that this was the practice after these cases were tried in circuit court instead of justice court. Moody testified that she could not pay all the fine, restitution and other costs at one time. Moody's motion to dismiss the action was denied and the case proceeded to trial. The State presented sufficient evidence to establish grounds for a conviction. Her was subsequently convicted of the crime of false pretense and appeals, raising a violation of the Fourteenth Amendment to the Constitution of the United States as her sole ground on appeal.
 III.
¶ 4. Moody claims that the district attorney's office lacks statutory or constitutional authority to automatically impose a set fine of $500 on all defendants indicted under the Mississippi Bad Check Law. Furthermore, she claims that such a fine violates an indigent's right to equal protection under the Fourteenth Amendment. The State argues that the fine is merely a plea bargain, and as such is in the discretion of the district attorney. This is a case of first impression before this Court. We are unable to find any cases directly on point in any other jurisdiction. There is an abundance of case law dealing with indigents' equal protection arguments based on sentencing and probation revocation for failure to pay a fine. There is also case law dealing with a prosecutor's discretion in plea bargaining.
¶ 5. In Bearden v. Georgia, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221, (1983), the United States Supreme Court considered whether a sentencing court can revoke a defendant's probation for failure to pay the imposed fine and restitution. The Bearden
Court stated:
 This Court has long been sensitive to the treatment of indigents in our criminal justice *Page 564 
system. Over a quarter-century ago, Justice Black declared that "[t]here can be no equal justice where the kind of trial a man gets depends on the amount of money he has."
Bearden, 461 U.S. at 664, 103 S.Ct. 2064 (quoting Griffin v.Illinois, 351 U.S. 12, 19, 76 S.Ct. 585, 100 L.Ed. 891 (1956) (plurality opinion)). The Court held that before revocation of an indigent's probation, the court must inquire into the reasons for failure to pay. Id. at 666-67, 76 S.Ct. 585. In holding such, the Court opined:
 If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.
Bearden, 461 U.S. at 672-73, 103 S.Ct. 2064; See also Tate v.Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971) (holding that a State cannot convert a fine imposed under a fine-only statute into a jail term solely because the defendant is indigent and cannot immediately pay the fine in full).
¶ 6. Moody cites Cassibry v. State, 453 So.2d 1298 (Miss. 1984), where this Court held that an indigent may not be incarcerated because he is financially unable to comply with an otherwise lawfully imposed sentence of a fine. Cassibry is distinguishable in that, the defendant had failed to pay a fine and was subsequently imprisoned for failure to pay the fine while in this case, Moody was sentenced to an appropriate statutory prison term for her crime. But see Lee v. State, 457 So.2d 920
(Miss. 1984) (stating Cassibry requires consideration of statutory alternatives to imprisonment for indigents financially unable to pay a fine).
¶ 7. In Barnett v. Hopper, 548 F.2d 550 (5th Cir. 1977),vacated as moot, 439 U.S. 1041, 99 S.Ct. 714, 58 L.Ed.2d 701 (1978), the Fifth Circuit considered whether a habeas corpus petitioner had waived a constitutional attack to immediate payment of a bargained-for fine. In agreeing with the petitioner, the Barnett Court stated that:
 When a defendant is imprisoned for financial inability to pay a fine immediately, he is treated more severely than a person capable of paying a fine immediately. The sole distinction is one of wealth, and therefore the procedure is invalid. Frazier v. Jordan, 457 F.2d 726 (5th Cir. 1972). Though Frazier was based on the proposition that wealth is a "suspect classification" and such a conclusion has since been drawn into question by such authority as San Antonio Indep. School Dist. v. Rodriguez, 411 U.S. 1, 29, 93 S.Ct. 1278, 1294, 36 L.Ed.2d 16 (1973)(plurality opinion of four justices), the basic principles remain sound. To imprison an indigent when in the same circumstances an individual of financial means would remain free constitutes a denial of equal protection of the laws.
Barnett, 548 F.2d at 553-54.
¶ 8. In a case similar to this one, the Oklahoma Criminal Court of Appeals, considered whether a defendant was deprived of equal protection in plea bargaining. Gray v. State, 650 P.2d 880
(Okla. Crim. App. 1982). In Gray the defendant claimed that he was denied an opportunity to plea bargain because he was unable to contribute to a special community relations fund. The Gray
court opined:
 The recognition of plea bargaining as an essential component of the administration of justice, however, does not elevate it to a constitutional right. That is not to say, that a prosecutor can accept or refuse plea negotiations in a way that discriminates against defendants on account of their *Page 565 
race, religion, economic status or other arbitrary classification.
Id. at 883. The court found that there was no violation of the defendant's equal protection rights, because he did not attempt to seek a plea bargain. Id.
¶ 9. The State argues that Moody is confusing this fine with a plea bargain. There is no constitutional right to a plea bargain.Allman v. State, 571 So.2d 244, 254 (Miss. 1990). The State argues that since there is no constitutional right to a plea bargain there can be no violation in this case. Furthermore, the State claims that since the fine or plea offer is offered to everyone who is indicted, there can be no equal protection violation, because it is treating everyone the same.
¶ 10. The record clearly indicates that after a defendant is indicted under the Bad Check law, an automatic $500 plus restitution is charged to drop the prosecution. The amount is due immediately. The defendant then has the option of paying the $500 and have the indictment nolle prossed or proceeding to trial. Thus, one who is unable to pay will always be in a position of facing a felony conviction and jail time, while those with adequate resources will not. The automatic nature of the fine is what makes it discriminating to the poor, in that only the poor will face jail time. We hold that an indigent's equal protection rights are violated when all potential defendants are offered one way to avoid prosecution and that one way is to pay a fine, and there is no determination as to an individual's ability to pay such a fine. Subjecting one to a jail term merely because he cannot afford to pay a fine, due to no fault of his own, is unconstitutional. See Bearden, 461 U.S. at 672-73, 103 S.Ct. 2064.
¶ 11. Additionally, we note that this procedure does not involve a plea bargain at all because the only charge is nolle prosequi. There is no plea at all. What and all that happens is that a $500 fee is extracted in order to avoid prosecution. Thus the scheme is both procedurally and constitutionally flawed.
¶ 12. Turning now to the remedy, we conclude that the only way to put Moody on a footing roughly equivalent to those able to purchase a nolle prosequi is to remand for new sentencing in which the trial court can withhold adjudication and place her on probation requiring restitution plus reasonable efforts to pay a reasonable fine and costs. See Miss. Code Ann. § 99-15-26
(Supp. 1997). See also Bearden, 461 U.S. at 674, 103 S.Ct. 2064; Barnett, 548 F.2d at 553. This remedy does not restrict the trial judges where one complains of indigency. There are methods in use today which allow for indigent status where the penalty to be imposed is a fine. These include working out a payment schedule which is appropriate to the means of the offender. It is a proper solution for this case, granting Moody relief from an improper and unconstitutional practice subjecting her to disparate treatment based upon her indigency. In the future, it is to be hoped that this unconstitutional scheme will be abandoned and the matter of plea bargains will be handled in a proper manner which comports with the right to equal protection of the laws.
 IV.
¶ 13. For the foregoing reasons, this matter is reversed and remanded to the circuit court for re-sentencing.
¶ 14. REVERSED AND REMANDED FOR RE-SENTENCING.
PRATHER, C.J., SULLIVAN and PITTMAN, P.JJ., and JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
McRAE, J., concurs in part and dissents in part with separate written opinion joined by MILLS, J.
WALLER, J., not participating.