742 So.2d 1188 (1999)
Nina SMITH a/k/a Nina Grezaffi Smith, Appellant,
v.
STATE of Mississippi, Appellee.
No. 97-KA-00720-COA.
Court of Appeals of Mississippi.
June 22, 1999.
Martin A. Kilpatrick, Greenville, Attorney for Appellant.
Office of the Attorney General by Charles W. Maris, Jr., Attorney for Appellee.
BEFORE SOUTHWICK, P.J., COLEMAN, AND THOMAS, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Nina Smith was convicted of embezzlement and her prison sentence was suspended on condition that she make $1,000 per month restitution payments. After less than a year, she filed a motion seeking a reduction in the amount of the payments to no more than $500 per month. The Washington County Circuit Court denied her motion and ordered her to bring her past-due payments current within thirty days. On the thirtieth day Smith filed a notice of appeal. We find that there is no jurisdiction for this appeal and it must be dismissed.

FACTS
¶ 2. Nina Smith pled guilty to embezzlement on April 4, 1996 and was sentenced to a term of ten years in the custody of the Mississippi Department of Corrections. Smith's sentence was suspended and the trial court placed her on probation. As a condition of the suspension of her sentence, she was ordered to pay her victim, Retzer Resources, Inc., $1,000 per month until she satisfied the full amount embezzled, $79,097.58. For several months, Smith made the payments by working three jobs. She also had the benefit of the additional income of her husband, whose net earnings were approximately $2,324 per month.
¶ 3. Smith filed her motion for reduction of her monthly restitution payment on March 7, 1997, requesting that her payment be reduced to no more than $500 per month. A hearing was held at which Smith testified that she and her husband had separated. Smith further stated that she was no longer able to work three jobs and earns around $1,200 per month at the lone job she has been able to maintain. Although she admitted that she receives child support in the amount of $520 per month for her two children, she testified that because they refuse to attend public school, she must pay $415 per month in private school tuition. Smith and her attorney *1189 asked that the monthly payment be reduced to $400 for at least six months.
¶ 4. The trial court denied Smith's motion on May 7, 1997, finding that "[t]he imposition of the sentence was suspended conditioned upon, among other things, payment of restitution.... Due to the large amount of money involved and the lengthy period of time during which the defendant was engaged in a criminal conspiracy, the sole reason the sentence was suspended was because of defendant's ability to pay meaningful restitution. The amount proposed in the motion is not meaningful...." Smith was given thirty days to bring her restitution payments current. That is the final order in the record, as it is from that decision that Smith appealed.

DISCUSSION
¶ 5. Smith asks that we reverse the trial judge's decision and remand with instructions that her payment be reduced "to a sum which is in her best interest, as well as that of that of the victim and the public." The State responds initially by arguing that a denial of a motion for reduction in restitution payments is not an appealable order. The rule is frequently and accurately stated that an appeal from a judgment may not be allowed unless there is a statute authorizing such an appeal.
¶ 6. In dismissing a criminal defendant's appeal of a trial court's order denying his request for copies of a transcript, the court held that
there are two primary ways in which a criminal defendant may challenge a trial court proceeding: (1) a direct appeal from a conviction, or (2) a proceeding under the Post Conviction Relief Act. An appeal is a matter of statutory right and not based on any inherent common law or constitutional right.
Fleming v. State, 553 So.2d 505, 506 (Miss.1989). Because the defendant was not directly appealing his conviction nor proceeding under the Post-Conviction Collateral Relief Act, the court was without jurisdiction to consider his appeal in the absence of a statute authorizing the same. Id.
¶ 7. There is a question of whether the jurisdictional issue was resolved when the supreme court dismissed the State's motion to dismiss the appeal on February 3, 1998. Under the proper procedures, the supreme court by a one-judge order denied the motion on April 17, 1998, ruling that "[t]he appeal should be allowed to go forward." The appeal has gone forward, but we do not take what the supreme court did to be anything other than allowing the question of the court's jurisdiction to be resolved by the same court and at the same time as the merits were reviewed. Though the motion has been denied, the issue of jurisdiction is always a proper question, even if raised by the court on its own motion.
¶ 8. Specifically relevant to this jurisdictional question, the court has held that a trial court's revocation of a defendant's probation is not an order which may be appealed because it is not authorized by statute. Martin v. State, 556 So.2d 357, 358 (Miss.1990). If irregularities in the revocation process are alleged, those claims can be brought under post-conviction relief procedures. Here, we do not even have an order revoking probation but only an order that restitution payments must be brought current within thirty days, a date long now passed.
¶ 9. Though dismissing the appeal, we note that this record does not reveal that the trial court considered a constitutional issue that arises when failure to make restitution or other monetary payments is argued as a reason to revoke probation. Like any other term of probation, failure to make the ordered restitution payments may result in revocation of the defendant's probation. Miss.Code Ann. § 99-37-5 (Rev.1994). The United States Supreme Court has held that in order to give full value to a probationer's equal protection *1190 rights, certain principles must be considered:
[I]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.
Bearden v. Georgia, 461 U.S. 660, 667-68, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). The Mississippi Supreme Court applied this rule in Moody v. State, 716 So.2d 562, 563 (Miss.1998).
¶ 10. Smith testified that she is no longer able to work three jobs because she was "running ragged." She further noted the loss of her husband's income due to their separation. Smith admitted that although she receives $520 per month in support for her two children, she pays $415 per month in private school tuition. All of these are factors for the trial judge to consider in determining whether Smith has made a bona fide effort to pay, is nonetheless unable to do so, and "whether alternative measures are not adequate to meet the State's interests in punishment and deterrence...."
¶ 11. THE APPEAL FROM THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J.,COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
BRIDGES, J., NOT PARTICIPATING.