GRIFFIS, J.,
 

 for the court.
 

 ¶ 1. Carl Williams appeals the Oktibbeha County Circuit Court’s dismissal of his motion to reduce his sentence. We find that no right to appeal the circuit court’s order exists; thus, this Court is without jurisdiction to hear this appeal. Accordingly, Williams’s appeal is dismissed.
 

 FACTS
 

 ¶ 2. Williams pleaded guilty to the sale of cocaine. He was sentenced to serve twelve years in the custody of the Mississippi Department of Corrections, and he was placed on five years of post-release
 
 *1191
 
 supervision. On September 25, 2007, Williams filed a motion for a reduction/reconsideration of his sentence. In that motion, Williams requested his sentence be reduced because he had made positive changes in his life including enrolling in a GED program.
 

 ¶3. An order entered on October 18, 2007, dismissed Williams’s motion to reduce his sentence. The circuit court found that the motion was not well-taken, and because Williams was sentenced during a previous term of court, the circuit court was without jurisdiction to suspend his sentence pursuant to Mississippi Code Annotated section 47-7-33(1) (Rev.2004), which states in part: “the court shall not suspend the execution of a sentence of imprisonment after the defendant shall have begun to serve such sentence.” The order stated that Williams was under the sole jurisdiction of the Mississippi Department of Corrections.
 

 ¶ 4. Williams filed his notice of appeal on November 8, 2007. In his brief, he presents the same argument that he presented to the circuit court — his sentence should be reduced because he does not have a lengthy criminal history, and he has made positive changes in his life. He also asserts that his attorney rendered ineffective assistance of counsel.
 

 STANDARD OF REVIEW
 

 ¶ 5. A jurisdictional issue presents a question of law and is thereby reviewed under a de novo standard.
 
 Burnette v. Hartford Underwriters Ins. Co.,
 
 770 So.2d 948, 950(114) (Miss.2000).
 

 ANALYSIS
 

 Whether Williams may appeal the circuit court’s order dismissing his motion to reduce his sentence.
 

 ¶ 6. Williams asks this Court to reverse the circuit court’s dismissal of his motion to reduce his sentence. The State responds that the dismissal of a motion to reduce a sentence is not an appealable order; thus, this purported appeal should be dismissed.
 

 ¶ 7. As this Court has previously stated, “an appeal from a judgment may not be allowed unless there is a statute authorizing such an appeal.”
 
 Smith v. State,
 
 742 So.2d 1188, 1189(¶5) (Miss.Ct. App.1999). Further, “there are two primary ways in which a criminal defendant may challenge a trial court proceeding: (1) a direct appeal from a conviction, or (2) a proceeding under the Post[-]Conviction Relief Act. An appeal is a matter of statutory right and not based on any inherent common law or constitutional right.”
 
 Id.
 
 at (¶ 6) (quoting
 
 Fleming v. State,
 
 553 So.2d 505, 506 (Miss.1989) (superceded by statute)).
 

 ¶ 8. In
 
 Fleming,
 
 an appeal was taken from the circuit court’s denial of a motion for transcripts of sentencing and other court records.
 
 Fleming,
 
 553 So.2d at 505-06. The supreme court held that it had no jurisdiction to hear the appeal because Fleming did not directly appeal his conviction or proceed by filing a motion for post-conviction collateral relief.
 
 Id.
 
 at 506.
 

 ¶ 9. Just as in
 
 Fleming,
 
 Williams pleaded guilty and did not directly appeal his conviction. Neither did he file a motion under the Mississippi Uniform Post-Conviction Collateral Relief Act. Following the analysis of
 
 Fleming,
 
 we do not possess the requisite jurisdiction to consider Williams’s appeal. Accordingly, this appeal is dismissed.
 

 ¶ 10. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
 

 
 *1192
 
 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. MAXWELL, J., NOT PARTICIPATING.