# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00849-COA

**STATE OF MISSISSIPPI**                                                                    **APPELLANT**

**v.**

**CHARLES MONTGOMERY, JR. A/K/A**                                       **APPELLEE**
**CHARLES MONTGOMERY A/K/A CHARLIE**
**MONTGOMERY, JR.**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/17/2016 |
| TRIAL JUDGE: | HON. LESTER F. WILLIAMSON JR. |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DARRELL CLAYTON BAUGHN |
| | ANTHONY LOUIS SCHMIDT JR. |
| ATTORNEY FOR APPELLEE: | CHARLES MONTGOMERY JR. (PRO SE) |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| DISPOSITION: | REVERSED AND RENDERED - 10/31/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE LEE, C.J., BARNES AND CARLTON, JJ.

### CARLTON, J., FOR THE COURT:

¶1.     Charles Montgomery filed a motion to vacate, set aside, and correct the decision of the Mississippi Parole Board (Parole Board), which the Lauderdale County Circuit Court treated as a motion for postconviction relief (PCR), alleging that the Parole Board violated Mississippi Code Annotated section 47-7-18(6) (Rev. 2015) by imposing a four-year setoff until his next parole hearing.  The circuit court granted Montgomery's PCR motion and referred the matter to the Parole Board to provide a parole-hearing date in accordance with section 47-7-18(6).  Finding error, we reverse and render the circuit court's judgment.

## FACTS

¶2.    In July 1982, a Lauderdale County jury convicted Montgomery of capital murder. The circuit court sentenced Montgomery to life in prison. In May 1983, a Covington County jury convicted Montgomery of two counts of forgery, for which he received two twelve-year, six-month sentences that were ordered to run consecutively. Montgomery's Mississippi Department of Corrections (MDOC) sentence-computation record reflects that the circuit court ordered that Montgomery's forgery sentences run consecutively to his life sentence for capital murder. The MDOC sentence-computation record also listed Montgomery's initial parole-eligibility date as March 28, 1998.

¶3.    The record reflects that on March 24, 2016, the Parole Board denied Montgomery parole and set off Montgomery's next parole-eligibility hearing for four years. On May 9, 2016, Montgomery filed his motion to vacate, set aside, and correct the decision of the Parole Board in accordance with section 47-7-18(6). In his motion, Montgomery alleged that he is entitled to receive a parole hearing at least "once per year"; therefore, he argued that the Parole Board lacked authority to impose a four-year setoff.

¶4.    On May 17, 2016, the circuit court, treating Montgomery's pleading as a PCR motion, entered an order granting Montgomery's request for relief. The circuit court acknowledged that at the time the Parole Board set off Montgomery's next parole-eligibility-hearing date, section 47-7-18(6) "had been in effect since July 1, 2014." The circuit court also recognized "that [the] Parole Board has full discretion in deciding who is eligible for parole." However, the circuit court held that

the issue in this matter is whether the [Parole] Board's four[-]year set[]off is in compliance with the applicable statute. This court is not convinced of its jurisdiction and finds that this matter should be referred to the [P]arole [B]oard for review to ensure that they provide a parole[-]hearing date that is in compliance with . . . [section] 47-7-18(6).

¶5. The State of Mississippi subsequently filed its notice of appeal.

## STANDARD OF REVIEW

¶6. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Lackaye v. State*, 166 So. 3d 560, 562 (¶5) (Miss. Ct. App. 2015).

¶7. The record reflects that Montgomery failed to file an appellate brief. We have held that "[a]n appellee's failure to file a brief on appeal is tantamount to [a] confession of the errors alleged by the appellant. However, automatic reversal is not required if this Court can say with confidence that the case should be affirmed." *Clack v. City of Ridgeland*, 139 So. 3d 778, 781 (¶17) (Miss. Ct. App. 2014) (quoting *Chatman v. State*, 761 So. 2d 851, 854 (¶9) (Miss. 2000)).

## DISCUSSION

¶8. The State argues that the circuit court lacked jurisdiction to hear Montgomery's PCR claim regarding the Parole Board's decision to set off his parole-eligibility-hearing date.

¶9. "[T]he grant or denial of parole is entirely within the Parole Board's discretion, and the denial of parole is not subject to a statutory right of appeal." *Willard v. Mississippi State Parole Bd.*, 212 So. 3d 80, 86 (¶19) (Miss. Ct. App. 2016). This Court has recognized the

3

Mississippi Supreme Court's recent holding in *Drankus v. Mississippi Parole Board*, 224 So. 3d 83, 85 (¶7) (Miss. 2017),[1] that when a petitioner files a PCR motion in the circuit court to appeal the Parole Board's decision to set off his parole-eligibility-hearing date, the circuit court lacks jurisdiction to hear the appeal. *Drankus v. State*, 215 So. 3d 1000, 1001 (¶7) (Miss. Ct. App. 2017). In explaining its decision, the supreme court cited *Cotton v. Mississippi Parole Board*, 863 So. 2d 917, 920-21 (¶10) (Miss. 2003), stating "the circuit court had no authority to adjudicate the matters presented because there was no statutory mandate granting circuit courts jurisdiction over appeals concerning the denial of parole." *Drankus*, 224 So. 3d at 85 (¶¶6-7); *see also Smith v. State*, 742 So. 2d 1188, 1189 (¶6) (Miss. 1999) (Circuit courts lack jurisdiction to consider an issue directly under the exclusive purview of the Parole Board "in the absence of a statute authorizing the same." ).

¶10. As a result, we find that the circuit court lacked jurisdiction to grant Montgomery's PCR motion. We therefore reverse the judgment and render a judgment of dismissal without prejudice.

¶11. **REVERSED AND RENDERED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. TINDELL, J., NOT PARTICIPATING.**

---

[1] In *Drankus*, the supreme court held that "the circuit court . . . ha[d] no jurisdiction to hear an appeal of the [P]arole [B]oard's decision to set[ ]off [the petitioner's] next parole hearing for three years." *Drankus* 224 So. 3d at 85 (¶7).