## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-01268-COA

**JUAREZ KEYES A/K/A JUAREZ L. KEYES**             **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**             **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 10/19/2020 |
| TRIAL JUDGE: | HON. BETTY W. SANDERS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | JUAREZ KEYES (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALLISON KAY HARTMAN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 11/09/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., LAWRENCE AND EMFINGER, JJ.

### CARLTON, P.J., FOR THE COURT:

¶1. Juarez Keyes pleaded guilty to six separate charges in 1983 and was sentenced on September 30, 1983, as a habitual offender under Mississippi Code Annotated section 99-19-81 (Supp. 1976), resulting in a net sentence of fifty-seven years' imprisonment without eligibility for probation or parole. After thirty-seven years of incarceration, Keyes petitioned the Hinds County Circuit Court for a conditional release pursuant to Mississippi Code Annotated section 47-5-139(1)(a) (Rev. 2015), which provides that

> [a]n inmate shall not be eligible for the earned time allowance if . . . [t]he inmate was sentenced to life imprisonment; but an inmate, except an inmate sentenced to life imprisonment for capital murder, who has reached the age of sixty-five (65) or older and who has served at least fifteen (15) years may

petition the sentencing court for conditional release[.]

The circuit court denied his petition and dismissed it with prejudice. Keyes appealed, asserting that the circuit court erred in determining that he did not qualify to seek conditional release because he "[was] not serving a life sentence." For the reasons addressed below, we affirm the circuit court's order.

## FACTS AND PROCEDURAL HISTORY

¶2. After pleading guilty to six separate charges in 1983, Keyes was sentenced as a habitual offender under section 99-19-81. *Keyes v. State*, 549 So. 2d 949, 950 (Miss. 1989). Keyes was sentenced as follows for the six charges: (1) ten years' imprisonment for burglary of a residence; (2) twenty years for aggravated assault; (3) thirty-seven years for rape; (4) ten years for burglary of a non-residence; (5) ten years for breaking out of a closure after the commission of a crime; and (6) fifteen years for strong-armed robbery. *Id.* All the sentences were to run concurrently except for the sentences for aggravated assault and breaking out of a closure after the commission of a crime, which were to run consecutively. *Id.* "The net effect of these sentences is . . . fifty-seven . . . years['] imprisonment without eligibility for probation or parole." *Id.* at 949-50.

¶3. After Keyes pleaded guilty and was sentenced as a habitual offender for these crimes, he filed multiple motions for post-conviction relief, all of which were denied. *See, e.g., Keyes*, 549 So. 2d at 949; *Keyes v. State*, 918 So. 2d 76 (Miss. Ct. App. 2005); *Keyes v. State*, 281 So. 3d 40 (Miss. Ct. App. 2019); *Keyes v. State*, 304 So. 3d 637 (Miss. Ct. App. 2020).

2

¶4. In July 2020, Keyes filed a "Petition for Conditional Release" under section 47-5-139(1)(a), alleging that he had reached the age of sixty-five in June 2020 and had served more than fifteen years in prison. Keyes attached to his petition a number of documents evidencing his educational achievements while incarcerated. These achievements included Keyes's obtaining a general education degree (GED), completing several trade courses, and earning his bachelor of arts in Christian ministry from Leavell College of New Orleans Baptist Theological Seminary. Keyes also attached to his petition six letters composed by individuals writing in support of his conditional release.

¶5. The circuit court entered an "Order Denying Petition for Conditional Release" and dismissed Keyes's petition with prejudice. The circuit court found as follows:

> [Keyes] was convicted as a habitual offender. According to Miss[issippi] Code Ann[otated] [section] 47-5-139(1)(a), a prisoner may be eligible for conditional release if he is serving a life sentence for a non-capital murder offense, has served at least fifteen (15) years, and is sixty-five (65) years old. Being convicted as a habitual [offender] is not a disqualifier. *Nettles v. State*, 749 So. 2d 973 (Miss. 1999). However, since Petitioner is not serving a life sentence, he does not qualify for conditional release. *Higginbotham v. State*, 114 So. 3d 9, 12 ([(¶7)] (Miss. Ct. App. 2012).

¶6. Keyes appealed. During the pending appeal, the State filed a motion to dismiss Keyes's appeal for lack of an appealable judgment. A panel of the Mississippi Supreme Court summarily denied the State's motion. Order, *Keyes v. State*, No. 2020-CP-01268-COA (Miss. May 6, 2021). Appellate briefing ensued.

¶7. For the reasons addressed below, we affirm the circuit court's judgment.

**STANDARD OF REVIEW**

3

¶8.    "A jurisdictional issue presents a question of law and is thereby reviewed under a de novo standard." *Williams v. State*, 5 So. 3d 1190, 1191 (¶5) (Miss. Ct. App. 2009). "This Court reviews the dismissal or denial of a PCR motion for abuse of discretion." *Carr v. State*, 291 So. 3d 1132, 1137 (¶16) (Miss. Ct. App. 2020). "We will only reverse if the trial court's decision is clearly erroneous." *Id.* (quoting *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012)). "Questions of law are reviewed de novo," *id.*, and, specifically, "[s]tatutory interpretation is a matter of law which this Court reviews de novo." *Hall v. State*, 241 So. 3d 629, 630 (¶3) (Miss. 2018). In this regard, "[o]ur duty is to carefully review statutory language and apply its most reasonable interpretation and meaning to the facts of a particular case." *Id.* at 361 (¶5) (quoting *Corp. Mgmt. Inc. v. Greene Cty.*, 23 So. 3d 454, 465 (¶26) (Miss. 2009)).

## DISCUSSION

### I.    Appealable Judgment

¶9.    An appeal from a judgment is not allowed unless there is a statute authorizing such an appeal. *Wrenn v. State*, 121 So. 3d 913, 914 (¶3) (Miss. 2013) ("[A] party has no right to appeal unless the Legislature gives such right by statute."). In *Smith v. State*, 742 So. 2d 1188 (Miss. Ct. App. 1999), this Court recognized that:

> there are two primary ways in which a criminal defendant may challenge a trial court proceeding:  (1) a direct appeal from a conviction, or (2) a proceeding under the Post Conviction Relief Act.  An appeal is a matter of statutory right and not based on any inherent common law or constitutional right.

*Id.* at 1189 (¶6) (quoting *Fleming v. State*, 553 So. 2d 505, 506 (Miss. 1989)); *see also*

4

*Williams*, 5 So. 3d at 1190 (¶1) (finding that the dismissal of a motion to reduce sentence is not an appealable order).

¶10. This matter does not involve a direct appeal, and Keyes's petition for conditional release seeks relief pursuant to section 47-5-139(1)(a), not the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA), Mississippi Code Annotated section 99-39-1 through section 99-39-29 (Rev. 2015).

¶11. In *Hill v. State*, No. 2020-CP-01150-COA (Miss. Ct. App. Mar. 17, 2021), this Court issued an en banc order dismissing the defendant's appeal from his unsuccessful request for a conditional release under section 47-5-139(1)(a)—the same statutory provision at issue here. We found that "an appeal of an unsuccessful petition for a conditional release is not authorized by statute." *Id.*

¶12. We recognize that *Smith*, *Fleming*, *Williams*, and our decision in *Hill* support a determination that this Court is without jurisdiction to consider Keyes's appeal because such an appeal does not appear to be authorized by statute. As explained below, however, we find it prudent in this case to address Keyes's appeal of the circuit court's denial of his petition for conditional release on the merits.

## II. Keyes's Habitual Offender Status, Nonlife Sentence Status, and Eligibility for Conditional Release Under Section 47-5-139

¶13. In *Nettles v. State*, 749 So. 2d 973 (Miss. 1999), the Mississippi Supreme Court addressed, on the merits, the defendant's appeal of the circuit court's denial of his "petition under Miss[issippi] Code Ann[otated] [section] 47-5-139 (Supp. 1999)." *Id.* at 973 (¶1).

5

The supreme court did not address whether it had appellate jurisdiction over the defendant's appeal from the circuit court's order denying his petition brought under section 47-5-139. In *McDaniel v. Cochran*, 158 So. 3d 992, 1001 (¶34) (Miss. 2014), the supreme court recognized that "this Court is not bound by a prior exercise of jurisdiction in a case where it was not questioned and it was passed sub silentio." (Quoting *U.S. v. L.A. Tucker Truck Lines Inc.*, 344 U.S. 33, 38 (1952)). But we also consider that in the instant case a supreme court panel denied the State's motion to dismiss Keyes's appeal for lack of an appealable judgment. *See* Order, *Keyes v. State*, No. 2020-CP-01268-COA (Miss. May 6, 2021). The panel did not delineate the basis for its denial in its order. Given the supreme court's lack of guidance on the appealability issue in both *Nettles* and in the instant case, we address this issue on the merits in an abundance of caution.

¶14.    In this regard, we affirm the circuit court's order because Keyes was sentenced as a habitual offender, making him ineligible for conditional release under section 47-5-139(1)(b). Further, when Keyes petitioned for a conditional release pursuant to section 47-5-139(1), he had only finished serving the first thirty-seven years of his sentence that were to be served day-for-day because he pleaded guilty to and was sentenced for a sex crime of rape. Keyes's twenty-year sentence for aggravated assault and his ten-year sentence for breaking out of an enclosure after the commission of a crime did not begin until after completion of the thirty-seven-year sentence imposed on Keyes for rape. *See Hall v. State*, 800 So. 2d 1202, 1206 (¶11) (Miss. Ct. App. 2001) (Recognizing, in the guilty-plea context, that "[Mississippi Code

6

Annotated section] 47-5-139(1)(d) . . . specifically provides that '[a]n inmate shall not be eligible for the earned time allowance if . . . [t]he inmate was convicted of a sex crime[.]'"). Thus, in addition to being a habitual offender, Keyes is serving consecutive sentences for multiple offenses. Finally, we find no error in the circuit court's denial of Keyes's petition for conditional release because Keyes is not serving a life sentence, and thus he does not qualify for conditional release. *Higginbotham*, 114 So. 3d at 12 (¶7). We set forth our reasoning below.

¶15. Section 47-5-139 delineates which inmates may or may not be considered for earned time allowance. Regarding Keyes's habitual offender status, section 47-5-139(1)(b) provides that "[a]n inmate *shall not* be eligible for the earned time allowance if . . . [t]he inmate was convicted as a habitual offender under Sections 99-19-81 through 99-19-87 . . . ." Miss. Code Ann. § 47-5-139(1)(b) (emphasis added). In his appellant's brief, Keyes does not dispute that he was sentenced as a habitual offender under section 99-19-81. *See also Keyes*, 549 So. 2d at 950.

¶16. In *Nettles*, the supreme court addressed a habitual offender's right to conditional release under section 47-5-139. 749 So. 2d at 973 (¶¶1-3). Nettles was convicted of aggravated assault and sentenced as a habitual offender under section 99-19-83 to life imprisonment without eligibility for parole. *Id.* at (¶1). The supreme court recognized that section 47-5-139(1)(b) makes inmates convicted as habitual offenders under sections 99-19-81 through 99-19-87 ineligible for the earned time allowance. *Id.* at (¶2). Because

7

Nettles was convicted as a habitual offender under 99-19-83, the supreme court held that he was not eligible for conditional release. *Id.* at (¶3).

¶17.    This Court applied a similar analysis in *Smith v. State*, 75 So. 3d 82 (Miss. Ct. App. 2011), where an inmate who had pleaded guilty to an offense and who was sentenced as a habitual offender under section 99-19-81—like Keyes here—asserted that he was entitled to meritorious earned time. *Id.* at 83-84 (¶¶1, 5). After determining that this issue was procedurally barred, the Court also recognized that in any event, the defendant was not entitled to earned time because he was a habitual offender, citing section 47-5-139(1)(b). *Id.* at 84 (¶5); *see also Clark v. Miss. Dep't of Corr.*, 148 So. 3d 403, 405 (¶¶9-10) (Miss. Ct. App. 2014) (recognizing that under section 47-5-139(1)(b) an inmate serving two terms as a habitual offender under section 99-19-81 "was not eligible to receive meritorious earned time"); *Williams v. State*, 98 So. 3d 484, 489 (¶17) (Miss. Ct. App. 2012) (recognizing that "[a]ny inmate sentenced as a habitual offender is not . . . eligible for earned-time allowance" (citing Miss. Code Ann. § 47-5-139(1)(b)).

¶18.    In this case, Keyes was sentenced as a habitual offender under section 99-19-81. Under the authorities addressed above, we find that he is ineligible for conditional release under section 47-5-139(1)(b).

¶19.    We also find no error in the circuit court's determination that because Keyes "is not serving a life sentence, he does not qualify for conditional release." Keyes's petition for conditional release was brought under section 47-5-139(1)(a), which provides:

8

1) An inmate shall not be eligible for the earned time allowance if:

> (a) *The inmate was sentenced to life imprisonment*; but an inmate, except an inmate sentenced to life imprisonment for capital murder, who has reached the age of sixty-five (65) or older and who has served at least fifteen (15) years may petition the sentencing court for conditional release[.]

Miss. Code Ann. § 47-5-139(1)(a) (emphasis added).

¶20. Keyes asserts that the circuit court erred in finding that "since Petitioner is not serving a life sentence, he does not qualify for conditional release." We disagree. The plain language of this statute, read as a whole, could reasonably be interpreted to mean that only those inmates serving a life sentence (other than an "inmate sentenced to life imprisonment for capital murder") are eligible to petition for conditional release under section 47-5-139(1)(a). We find no case that holds otherwise, and we do not find the circuit court's reliance on *Higginbotham*, 114 So. 3d at 12 (¶7), misplaced. Although the Court did not specifically address this issue in *Higginbotham*, the Court did recognize that a defendant who "pled guilty to the lesser crime of murder and received a life sentence . . . would be eligible to petition for conditional release at age sixty-five under Mississippi Code Annotated section 47-5-139(1)(a) (Rev. 2011)." *Id.*

¶21. For the reasons stated, we therefore affirm the circuit court's order denying Keyes's petition for conditional release.

¶22. **AFFIRMED.**

**BARNES, C.J., GREENLEE, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. WILSON, P.J., AND WESTBROOKS, J.,**

9

**CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**