LEE, J., for the court.
PROCEDURAL HISTORY AND FACTS
¶ 1. This appeal concerns a suit brought by Thomas Green, an inmate housed at Parehman penitentiary, against Emmitt Sparkman, Robert Johnson, and Barbara Bailey, officials at the Mississippi Department of Corrections (MDOC). Green complains that he never received 180 days meritorious earned time for his work in field operations from 1997-2000. Green first filed a grievance pursuant to the Administrative Remedies Program (ARP). The ARP denied his request, and Green next filed a complaint against the MDOC in the Sunflower County Circuit Court, asking the court to force the MDOC to award him the 180 days of earned time. Green’s motion to show cause was dismissed by the court, but his motion to proceed in forma pauperis on appeal was granted. Green argues on appeal to this Court that the lower court erred when it refused to order MDOC to award him 180 days of meritorious earned time. Finding no merit, we affirm.
DISCUSSION OF ISSUE
I. DID THE LOWER COURT ERR IN REFUSING TO ORDER MDOC TO AWARD GREEN 180 DAYS OF MERITORIOUS EARNED TIME?
¶ 2. When reviewing a trial court decision either affirming or denying an administrative agency’s findings and decisions, our standard of review is abuse of discretion. Brandon v. Miss. Employment Sec. Comm’n, 768 So.2d 341(¶ 7) (Miss.2000). The awarding of meritorious earned time is within the discretion of the MDOC officials. Miss.Code Ann. § 47-5-142 (Rev.2000). Green had no right to receive this privilege. We find that Green did not exhaust the possibilities offered to him by the ARP. He was instructed to resolve the matter by contacting his work supervisor, which he did not do. Further, Green received no injury resulting from the denial of his meritorious earned time award. We find no abuse in the lower court’s dismissal of Green’s complaint; thus, we affirm.
¶ 3. The appellee urges us to reverse the lower court’s finding that Green was entitled to proceed in forma pauperis on appeal. According to Johnson v. State, 623 So.2d 265, 266 (Miss.1993), an indigent inmate may appeal in forma pauperis in post-conviction relief cases. Still, certain grounds for a post-conviction relief claim must be satisfied pursuant to Miss.Code Ann. § 99-39-5 (Supp.2001). Green’s claim does not fall under this statute and should not be classified as a post-conviction relief matter. However, in a similar case concerning meritorious earned time, the Supreme Court stated that it is within the trial court’s discretion to grant indigent inmates leave to file informa pauper-is appeals. Tubwell v. Anderson, 776 So.2d 654(¶ 8) (Miss.2000). Even though Green’s claim does not concern a post- *1292 conviction relief matter, we find that the lower court did not abuse its discretion in allowing Green to proceed in foma pau-peris; thus, we find no error in the trial court’s decision.
¶ 4. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.