958 So.2d 271 (2007)
Fredrick GOLDEN, Appellant
v.
Christopher EPPS, Appellee.
No. 2006-CP-00652-COA.
Court of Appeals of Mississippi.
June 5, 2007.
Fredrick Golden, Appellant, pro se.
Office of the Attorney General by Jane L. Mapp, attorney for appellee.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
ISHEE, J., for the Court.
¶ 1. Inmate Fredrick Golden filed a motion for post-conviction relief in the Circuit Court of Sunflower County asserting unlawful *273 termination of his earned time credits. The court found that Golden forfeited his eligibility for earned time credits after he was convicted as an habitual offender for escape and dismissed his petition with prejudice. From this decision Golden appeals pro se stating several issues which we have combined for clarity into one: whether the Mississippi Department of Corrections (MDOC) took away his earned time allowance without following MDOC administrative procedures, thus depriving him of due process and equal protection of the law. Finding no error, we affirm.

FACTS
¶ 2. Golden was convicted in the Circuit Court of Attala County, Mississippi on March 5, 1997 of grand larceny and was sentenced to serve three years in the custody of MDOC. Three months later on June 11, 1997, he was convicted in the Circuit Court of Montgomery County, Mississippi of arson and burglary. For these convictions he was sentenced to ten years on the arson charge and to a seven-year concurrent sentence on the burglary conviction. On the same day, June 11, he was transferred to the Grenada County Jail and during the course of the transfer he escaped custody. He succeeded to elude law enforcement for thirty-one days. Subsequently, he was captured and convicted of escape in the Grenada County Circuit Court, and on August 20, 1997, he was sentenced as an habitual offender for the escape to serve a five-year term to run consecutively to the previous sentences. Because Golden was convicted as an habitual offender, the sentence was mandatory and thus there was no possibility of parole. Miss.Code Ann. § 99-19-81 (Rev.2002).
¶ 3. Eight years later on November 18, 2005, Golden filed a "motion to show cause" in the Circuit Court of Sunflower County requesting that the court order MDOC to show why it had not credited him pursuant to Mississippi Code Annotated section 47-5-138 (Supp.2006) with 584 days of earned time allowance[1] toward his release date on his non-habitual sentence of ten years. He also sought a decision on why he was denied 180 days of meritorious time while classified as a trusty.[2] The show cause action was dismissed on December 16, 2005. The court found that Golden failed to present evidence that he had exhausted the administrative remedies of MDOC, pursuant to Mississippi Code Annotated sections 47-5-801 through 47-5-807 (Rev.2004) in seeking to resolve his issues. However, in the record before this Court are documents showing that in the summer of 2004 he advanced the same argument through the MDOC administrative *274 remedy program (ARP). The final ARP decision issued on August 11, 2004, held that Golden had received earned time on the ten year non-habitual sentence and thirty days of trusty time. The ARP decision held that because Golden was serving an habitual sentence for the escape conviction, he was not allowed to earn meritorious leave time, trusty time, or earned leave time on the habitual portion, the five-year term, of his sentence.
¶ 4. On January 31, 2006, Golden filed a motion for post-conviction relief and following discovery, a hearing was held on his motion on February 28, 2006. A part of the record before the circuit court was the unopposed affidavit of Gloria Gibbs, correctional records technician supervisor with MDOC. Gibbs reviewed Golden's sentence computation record and stated that he received one year and 183 days earned time credit on the ten year non-mandatory sentence and received one year and 210 days of trusty earned time. Also, Gibbs said that Golden is now serving the five-year mandatory sentence for escape and is not eligible for earned release supervision. The circuit court found that MDOC had applied one year and 183 days of earned release time before he escaped from custody on August 20, 1997. Further, the court found that once Golden was convicted of escape, he forfeited all earned time pursuant to Mississippi Code Annotated section 47-5-139. (Rev.2004). The court dismissed Golden's post-conviction petition with prejudice and this appeal followed.

STANDARD OF REVIEW
¶ 5. In reviewing a lower court's decision to deny a petition for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. Graves v. State, 822 So.2d 1089, 1090(¶ 4) (Miss.Ct. App.2002) However, where questions of law are raised, the applicable standard of review is de novo. Id. To be successful on a motion for post-conviction relief, a defendant bears the burden of proving by a preponderance of the evidence that he is entitled to post-conviction relief. McClendon v. State, 539 So.2d 1375, 1377 (Miss. 1989).

ISSUE AND ANALYSIS
I. Whether the Mississippi Department of Corrections (MDOC) took away his earned time allowance without following MDOC administrative procedures thus depriving him of due process and equal protection of the law.
¶ 6. We are faced at the outset with a question of law: whether we have jurisdiction over Golden's motion for post-conviction relief because it was not timely filed. Mississippi Code Annotated section 99-39-5(2) (Supp.2006) requires that motions for post-conviction relief be filed within three years after entry of judgment of conviction. The three-year limitation exceptions are: (1) cases in which the prisoner can show that there has been an intervening decision of the Mississippi or the United States Supreme Court which would actually adversely affect the outcome of his conviction or sentence; (2) cases in which the prisoner has new evidence, not reasonably discoverable at trial, that would be practically conclusive so that had it been introduced at trial it would have caused a different result in conviction or sentence; or (3) cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Id.; Clark v. State, 875 So.2d 1130, 1132(¶ 10) (Miss.Ct.App.2004). Golden's claim is based on his belief that he was entitled to an administrative hearing at *275 MDOC before his earned time was forfeited after the June 11, 1997 escape sentence.
¶ 7. The State argues for the first time on appeal that Golden's appeal should be dismissed because it was not filed within the three-year limitations period for post-conviction relief, and that none of the three exceptions applies to his facts. We agree with the State's argument. Applying the three-year statute, we find that Golden had until August of 2000 to file his post-conviction relief petition. The record shows that his motion to show cause, which the court dismissed for failure to exhaust administrative procedures, was filed on November 18, 2005, more than five years beyond the limitations period. Furthermore, Golden filed his motion for post-conviction relief on January 31, 2006, five years and four months past the limitations period. Golden makes no claims regarding the tolling statute and we find no exceptions which would apply to him. The State did not present the three-year limitation argument to the trial judge. However, we find that Golden's PCR motion is time-barred coming more than five years after the elapse of the three-year statue of limitations.
¶ 8. Notwithstanding the time bar, Golden's claim must fail nonetheless because the very thing about which he complains the loss of earned and trusty timedid not happen. The State candidly admits in its brief to this Court that MDOC erred by not automatically revoking Golden's earned time upon his escape conviction, as required by Mississippi Code Annotated section 47-5-139(3) (Rev.2004). That statute provides in part, "All earned time shall be forfeited by the inmate in the event of escape and/or aiding and abetting an escape." (emphasis added). The State says "[A] review of Golden's time sheet shows that for some reason MDOC did not revoke Golden's earned time following his escape. His time sheet shows that following his escape he was allowed to keep both the ten (10) days MET [meritorious earned time] which he had earned prior to the escape as well as his ERS [earned release supervision] eligibility date." The State also notes that Golden was allowed to receive one year and 210 days of trusty earned time off the non-mandatory sentence. Our examination of the unopposed affidavit of MDOC recordkeeper, Gibbs, and Golden's sentence computation report shows the State's assertion to be true. If Golden's argument is that he should be receiving earned time on the escape conviction sentence then this argument is plainly rejected by section 47-5-139(3), which uses the mandatory "shall" and states that all earned time "shall be forfeited" by the inmate in the event of escape. The second part of the statute allows MDOC discretion to restore earned time but only if the escapee returns to the institution voluntarily, without expense to the State and without an act of violence while a fugitive. There is no record evidence to show any voluntary act by Golden showing he peacefully returned to custody. Instead the record shows that Golden was at large for thirty-one days after his escape.
¶ 9. Golden apparently is pinning his hopes on subsection (2) of Mississippi Code Annotated section 47-5-138(2)(Rev.2004), which says, "An inmate may forfeit all or part of his earned time allowance for a serious violation of rules. No forfeiture of the earned time allowance shall be effective except upon approval of the commissioner or his designee, and forfeited earned time may not be restored." Golden urges us to read that part of the statute which states that no forfeiture of earned time allowance can be effective "except upon approval of the commissioner or his designee," to mean that he was entitled to an administrative hearing within MDOC *276 after the escape sentence and the application of section 47-5-139(3). Golden claims his rights were violated because he was never issued a rule violation report for escape through the MDOC disciplinary procedures and never given a disciplinary hearing and thus never had his forfeiture okayed by the commissioner.
¶ 10. This argument fails for two reasons. First and foremost, Golden's rights were not violated because he did not lose any earned release or trusty time. Secondly, Golden bases his argument on the administrative disciplinary procedure, but the enactment which could have been used against him is a legislative edict. We have noted that the forfeiture of earned release time for escape or attempted escape is a legislative enactment. "The legislature specifically stated that a prisoner would sacrifice all earned time upon attempted escape." Boler v. Bailey, 840 So.2d 734, 735(¶ 6) (Miss.Ct.App.2003). Because Golden was convicted of violating a state statutory provision rather than an internal MDOC rules violation, it was not required that he be given an MDOC disciplinary hearing and have his forfeiture approved by the MDOC commissioner.
¶ 11. For all of these reasons, the issues of Golden are without merit.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ROBERTS AND CARLTON, JJ., CONCUR. BARNES, J., CONCURS IN RESULT ONLY.
NOTES
[1] For any sentence imposed after June 30, 1995, an inmate may receive earned time allowance for four and one-half days for each thirty days served if, MDOC determines that the inmate has complied with the good conduct and performance requirements of the earned time allowance program. Miss.Code Ann. § 47-5-138(5) (Supp.2006). The earned time allowance shall not exceed fifteen percent of an inmate's term of sentence. Id.
[2] Trusty time is a reduction in sentence which may be granted in addition to any other administrative reduction in sentence to an offender in trusty status as defined by the classification board of MDOC. Miss.Code Ann. § 47-5-138.1 (Rev.2004). Prior to April 28, 2004, the trusty earned time allowance was ten days reduction of sentence for each thirty days of participation in an approved program while in trusty status. After April 28, 2004, a trusty earned time allowance of thirty days reduction of sentence may be granted for each thirty days of participation in an approved program while in trusty status. Id. However, another subsection of the same statute disallows an offender in trusty status a reduction of sentence under the statute if he is convicted as an habitual offender under sections 99-19-81 through 99-19-87. Miss. Code Ann. § 47-5-138.1(2)(b) (Rev.2004).