¶ 1. Mark Sykes appeals from a judgment of the Circuit Court of Sunflower County which affirmed a decision of the Mississippi Department of Corrections (MDOC), finding that Sykes was ineligible for parole.
 ¶ 2. We find no error; therefore, we affirm the decision of the trial court.
 FACTS ¶ 3. On October 1, 2001, Sykes was convicted of armed robbery in the Circuit Court of Amite County, Mississippi, and was sentenced to thirty years in the custody *Page 32 
of the MDOC. During his imprisonment, Sykes requested administrative relief from the MDOC concerning his parole eligibility and earned time allowance. The MDOC responded and informed Sykes that he was not eligible for parole, and would not be eligible for meritorious earned time and trusty time until after he had served ten years of his thirty-year sentence.[1]
 ¶ 4. Sykes filed a civil complaint against the MDOC and its Commissioner, Christopher Epps. In his complaint, Sykes alleges that the MDOC denied him due process of law by failing to provide him with a parole eligibility date and by refusing to give him earned time allowance.
 ¶ 5. On May 25, 2006, the MDOC filed a motion to dismiss, arguing that Sykes was ineligible for parole, pursuant to Mississippi Code Annotated section 47-7-3(1)(d)(ii) (Supp. 2006).[2] On June 9, 2006, the circuit court dismissed Sykes's petition, finding that the MDOC had correctly determined that Sykes's armed robbery conviction prevents him from being eligible for parole. It is from this decision that Sykes appeals.
 ANALYSIS AND DISCUSSION OF THE ISSUE ¶ 6. This issue presents a question of law, which this Court reviews de novo. DeLoach v. State, 722 So.2d 512,518 (¶ 12) (Miss. 1998) (citing Rose v. State,586 So.2d 746, 751 (Miss. 1991)). Sykes claims that Mississippi Code Annotated section 47-7-3(1)(d)(ii) should not apply to his case to deprive him of parole or earned time, because it was not amended until 2004.[3] Finding Sykes's contention incorrect, we disagree. The circuit court properly found Sykes ineligible for parole as section 47-7-3(1)(d)(ii) applies to Sykes's case because he was convicted after October 1, 1994.
 ¶ 7. We note that the response that Sykes received from the MDOC officials informing him that he would be eligible for meritorious earned time and trusty time after serving ten years of his sentence was incorrect. This information would have been correct had Sykes been convicted under section 47-7-3(1)(d)(i) (Supp. 2006); however this section is clearly inapplicable because Sykes was convicted of armed robbery after September 30, 1994.[4] Further, *Page 33 
section 47-5-139(1)(e) (Rev. 2004) provides that "[a]n inmate shall not be eligible for the earned time allowance if: The inmate has not served the mandatory time required for parole eligibility for a conviction of robbery or attempted robbery with a deadly weapon." Therefore, because Sykes must serve his entire sentence, his argument that he is entitled to earned time lacks merit. In Thomas v. State, 881 So.2d 912,916 (¶ 11) (Miss.Ct.App. 2004), this Court held that "[Section47-5-139] indeed forecloses armed robbers convicted after October 1, 1994, from parole eligibility." Thus, the MDOC correctly points out that "since an offender serving a sentence for an armed robbery committed on or after October 1, 1994 can never serve the mandatory time required for parole eligibility, he is not eligible to accrue earned time credits."
 ¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWERCOUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TOSUNFLOWER COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
[1] The information regarding Sykes's eligibility for meritorious time and trusty status is incorrect, as Sykes is not eligible for either. We defer further discussion of this issue until later in this opinion.
[2] Section 47-7-3(1)(d)(ii) provides in part:
 No person shall be eligible for parole who shall, on or after October 1, 1994, be convicted of robbery . . . through the display of a firearm. . . . The provisions of this subparagraph (d)(ii) shall also apply to any person who shall commit robbery . . . on or after October 1, 1994, through the display of a deadly weapon;
(emphasis added).
[3] Sykes also raises two issues in his reply brief; however, those issues are procedurally barred, as they were not raised in the trial court. Johnson v. State, 508 So.2d 1126,1127 (Miss. 1987).
[4] Section 47-7-3(d)(i) provides in part:
 No person shall be eligible for parole who shall, on or after January 1, 1977, be convicted of robbery or attempted robbery through the display of a firearm until he shall have served ten (10) years if sentenced to a term or terms of more than ten (10) years or if sentenced for the term of the natural life of such person. If such person is sentenced to a term or terms of ten (10) years or less, then such person shall not be eligible for parole. The provisions of this paragraph (d) shall also apply to any person who shall commit robbery . . . on or after July 1, 1982, through the display of a deadly weapon. This subparagraph (d)(i) shall not apply to persons convicted after September 30, 1994. . . .
(emphasis added).