BARNES, J.,
 

 for the Court:
 

 ¶ 1. Chaddrick Brown appeals the Circuit Court of Rankin County’s dismissal of his petition to order the Mississippi Department of Corrections (MDOC) to determine his parole eligibility date. Finding no error, we affirm.
 

 STATEMENT OF FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. In 1999, Brown was convicted of armed robbery after a jury trial in the Rankin County Circuit Court. The robbery occurred in July 1998. He was sentenced to a term of forty years in the custody of the MDOC. Brown appealed his conviction, which this Court affirmed in November 2003.
 
 [1]
 

 ¶ 3. Approximately six years later, in July 2009, Brown filed with the circuit court a document entitled “Petition to
 
 *883
 
 Show Cause of Senate Bill No. 2136.” In it, he asserted that he should be eligible for parole review based upon the passage of Senate Bill 2136 during the 2008 Legislative Session. Senate Bill 2136 amended Mississippi Code Annotated section 47-7-3(l)(g) (Supp.2006) to provide that nonviolent offenders convicted after June 30, 1995, may be eligible for parole. Brown further explained that he should be eligible for parole because he had conducted himself under the rules of the MDOC, is not a habitual offender, and has served ten years of his sentence. Brown requested that the circuit court order the MDOC to recalculate his sentence and provide him a parole eligibility date. The circuit court dismissed Brown’s petition because Brown is ineligible for parole according to Mississippi Code Annotated section 47-7-3(l)(d)(ii) (Supp.2010), which provides, in pertinent part, that no person convicted of armed robbery on or after October 1,1994, shall be eligible for parole. The circuit court also found that while Brown did not make any allegations related to the administrative review procedures of the MDOC: there was no “evidence of fraud”; the MDOC findings of fact were supported by the evidence; and “its decision should be affirmed.” Brown appeals that decision.
 

 STANDARD OF REVIEW
 

 ¶ 4. The applicable standard of review for questions of law is de novo.
 
 Williams v. State,
 
 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). This Court will not disturb the circuit court’s findings of fact unless they are found to be clearly erroneous.
 
 Id.
 

 ANALYSIS
 

 ¶ 5. On appeal, Brown maintains that he is eligible for parole review under section 47-7-3(1) after having served ten years of his forty-year sentence due to the 2008 passage of Senate Bill 2136.
 

 ¶ 6. Section 47 — 7—3(l)(d)(ii) provides that no person convicted of armed robbery on or after October 1, 1994, shall be eligible for parole. Mississippi’s parole statute reads in pertinent part:
 

 (1) Every prisoner who has been convicted of any offense against the State of Mississippi, and is confined in the execution of a judgment of such conviction in the Mississippi Department of Corrections for a definite term or terms of one (1) year or over, or for the term of his or her natural life, whose record of conduct shows that such prisoner has observed the rules of the department, and who has served not less than one-fourth (1/4) of the total of such term or terms for which such prisoner was sentenced, or, if sentenced to serve a term or terms of thirty (30) years or more, or, if sentenced for the term of the natural life of such prisoner, has served not less than ten (10) years of such life sentence, may be released on parole as hereinafter provided,
 
 except that:
 

 [[Image here]]
 

 [d](ii)
 
 No person shall he eligible for parole who shall, on or after October 1, 199Jp, be convicted of robbery, attempted robbery or carjacking ... through the display of a firearm
 
 or drive-by shooting. ... The provisions of this paragraph (d)(ii) shall also apply to any person who shall commit robbery, attempted robbery, carjacking or a drive-by shooting on or after October 1, 1994, through the display of a deadly weapon[.]
 

 Miss.Code Ann. § 47 — 7—3(l)(d)(ii) (emphasis added). Brown was convicted in 1999 for an armed robbery that he had committed in 1998. This code section became law in 1994, before Brown’s robbery and his subsequent conviction of robbery; thus, Brown is not eligible for parole. This
 
 *884
 
 Court has explained that “prior to the enactment of section 47-7-3(l)(d)(ii), persons convicted of armed robbery
 
 could
 
 be eligible for parole after serving ten years of their sentence. However, it is clear that such felons are now completely ineligible for parole.”
 
 Wells v. State,
 
 936 So.2d 479, 480 (¶ 5) (Miss.Ct.App.2006). This Court has upheld this interpretation of section 47 — 7—3(1)(d)(ii).
 
 See Sykes v. Epps,
 
 963 So.2d 31, 32 (¶¶ 4, 6) (Miss.Ct.App.2007) (affirming dismissal of complaint against the MDOC for failing to provide a parole eligibility date where under section 47 — 7—3(l)(d)(ii) prisoner was ineligible for parole, having been convicted of armed robbery after October 1, 1994).
 

 ¶ 7. In 2008, Senate Bill 2136 amended section 47 — 7—3(l)(g)
 
 [2]
 
 to read: “No person shall be eligible for parole who is convicted or whose suspended sentence is revoked after June 30,1995,
 
 except that an offender convicted of only nonviolent crimes after June 30, 1995, may be eligible for parole
 
 if the offender meets the requirements in subsection (1) and this paragraph.” (Emphasis added.) Brown claims that this amendment entitles him to parole, but he is incorrect. Senate Bill 2136 does not impact parole eligibility for those sentenced to armed robbery, as it applies only to “nonviolent crimes.” Section 47-7-3(l)(g) specifically explained that “nonviolent crimes” includes “a felony other than ... robbery.” This argument is without merit.
 

 ¶ 8. Finally, in its judgment of dismissal, the circuit court stated that the findings of the MDOC were supported by the evidence; there was no evidence of fraud; and the MDOC’s “decision should be affirmed.” We note the record before us contains no such findings or decisions from the MDOC, nor does the record give us any indication that this case was ever before the MDOC. Regardless, these findings do not change the final disposition of the case — dismissal—because Brown is not eligible for parole.
 

 ¶ 9. In his brief, Brown also claims that he sought administrative review of his sentence through the MDOC and was told he “could be” eligible for parole. It is true that the proper initial procedure for inmates to address any confusion about the operation of the state’s system for incarceration is through the administrative processes of the MDOC, rather than by the courts on a motion for post-conviction relief. Bu
 
 rns v. State,
 
 933 So.2d 329, 331 (¶ 9) (Miss.Ct.App.2006) (citing Miss.Code Ann. §§ 47-5-801 through 47-5-807 (Rev. 2004)). However, we again note that there is no such indication in the record that the case was ever before the MDOC.
 

 ¶ 10. “The burden rest[s] upon [the] appellant to see to it that the record contain[s] all data essential to an understanding and presentation of matters relied upon for reversal on appeal.”
 
 Shelton v. Kindred,
 
 279 So.2d 642, 644 (Miss.1973) (citing
 
 Willenbrock v. Brown,
 
 239 So.2d 922, 925 (Miss.1970)). Further, “[t]his Court may not act upon or consider matters which do not appear in the record and must confine itself to what actually does appear in the record.”
 
 Id.
 
 Therefore, this Court cannot take the information Brown alleges, that the MDOC informed him he was eligible for parole, into consideration. Even if we could, the MDOC would be
 
 *885
 
 mistaken in granting Brown parole eligibility according to section 47-7-3(l)(d)(ii).
 

 ¶ 11. In conclusion, we find the circuit court properly dismissed Brown’s petition.
 

 ¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR.
 

 [1]
 

 .
 
 See Brown v. State,
 
 868 So.2d 1027 (Miss.Ct.App.2003).
 

 [2]
 

 . In 2010, section 47-7-3(1) was again amended, and the former subsection (g) was redesignated as subsection (h). Subsection (g) now pertains to parole for aggravated domestic violence. We have retained the subsection designation from the 2008 amendment in the text of this opinion for the sake of simplicity.