LEE, C.J.,
 

 for the Court:
 

 PROCEDURAL HISTORY AND FACTS
 

 ¶ 1. On March 3, 2008, I.V. Smith Jr. pleaded guilty in the Harrison County Circuit Court to possession of a controlled substance. Smith was sentenced as a habitual offender to serve a ten-year sentence in the custody of the Mississippi Department of Corrections. Smith’s two prior felony convictions were for the sale of a controlled substance and possession of a controlled substance.
 

 ¶ 2. Smith filed a motion for post-conviction relief (PCR) on October 5, 2010, alleging that he should not have been sentenced as a habitual offender. The trial court denied Smith’s PCR motion. In his appeal, Smith argues he was not a habitual offender, and he was entitled to receive meritorious earned time.
 

 STANDARD OF REVIEW
 

 ¶ 3. A trial court’s denial of a PCR motion will not be reversed absent a finding that the trial court’s decision to deny the motion was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court’s proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 DISCUSSION
 

 ¶ 4. Smith argues that he was unlawfully sentenced as a habitual offender because he was ordered to serve concurrent sentences for the two prior felony convictions. Smith was sentenced under Mississippi Code Annotated section 99-19-81 (Rev.2007), which states:
 

 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
 

 Smith contends that serving concurrent sentences for his prior felony convictions does not meet the requirement that he be sentenced to “separate terms of one year or more.” However, this Court has held that “[c]oncurrent sentences are ‘separate’ terms under section 99-19-81.”
 
 Collins v. State,
 
 817 So.2d 644, 660 (¶60) (Miss.Ct.App.2002);
 
 see also Williams v. State,
 
 24 So.3d 360, 364-65 (¶ 11) (Miss.Ct.App.2009). This issue is without merit.
 

 ¶ 5. Smith also contends that he is entitled to meritorious earned time. However, Smith did not raise this issue in his PCR motion filed in the trial court; thus, this issue is procedurally barred.
 
 Chandler v. State,
 
 44 So.3d 442, 443 (¶ 7) (Miss.Ct.App.2010). Notwithstanding the procedural bar, this issue is without merit. We note that the proper avenue for Smith’s grievance concerning earned time
 
 *84
 
 is through the MDOC Administrative Remedies Program (ARP).
 
 Brown v. State,
 
 54 So.3d 882, 884 (¶ 9) (Miss.Ct.App.2011). It is unclear from the record if Smith has availed himself of the ARP. Regardless, pursuant to Mississippi Code Annotated section 47-5-139(l)(b) (Rev. 2011), inmates who have been convicted as habitual offenders are not entitled to earned time. Subsequently, Smith would not be entitled to any earned-time credit.
 

 ¶ 6. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
 

 IRVING AND GRIFFIS, P JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.