## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01292-COA

TERRENCE CLARK A/K/A TERRANCE CLARK                    APPELLANT

v.

MISSISSIPPI DEPARTMENT OF                                        APPELLEE
CORRECTIONS

| | |
|---|---|
| DATE OF JUDGMENT: | 02/19/2013 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | CARROLL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TERRENCE CLARK (PRO SE) |
| ATTORNEYS FOR APPELLEE: | ANTHONY LOUIS SCHMIDT JR. |
| | JAMES M. NORRIS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | AFFIRMED THE ADMINISTRATIVE REMEDY PROGRAM'S DENIAL OF MERITORIOUS EARNED TIME |
| DISPOSITION: | AFFIRMED: 09/30/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., MAXWELL AND FAIR, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Terrence Clark was denied meritorious earned time by the Mississippi Department of

Corrections (MDOC).  Clark appealed the decision to the circuit court, which affirmed, and

now appeals to this Court.  Clark argues that he was denied due process and equal protection

of the law.  We find no error and affirm.

¶2.     Terrence Clark is incarcerated with the MDOC.  He is currently serving three

sentences: a six-year, two-month sentence as a habitual offender for armed robbery, a seven-

year sentence as a habitual offender for burglary, and a two-year sentence as a non-habitual

offender for possession of contraband in prison. The sentences are to run consecutively.

¶3. In February 2012, Clark inquired about receiving meritorious earned time. He was told he was ineligible to receive meritorious earned time as a habitual offender; but he could be eligible for meritorious earned time on his two-year sentence.

¶4. Clark filed a grievance with MDOC's Administrative Remedy Program. He claimed that he should be eligible to receive earned-time credit on his habitual sentences. Clark's request was denied through both his first and second steps of the program. He then filed with the circuit court a motion to show cause, or in the alternative, a motion for post-conviction collateral relief. This motion sought judicial review of the MDOC decision that found that he was not entitled to earned time. The circuit court affirmed and found that the decision was supported by substantial evidence, was not arbitrary or capricious, was within the scope and power of the MDOC, and did not violate Clark's rights.

¶5. This Court cannot disturb the decision of an administrative agency "unless the decision was unsupported by substantial evidence, was arbitrary or capricious, was beyond the agency's scope or powers, or violated the constitutional or statutory rights of the aggrieved party." *Siggers v. Epps*, 962 So. 2d 78, 80 (¶4) (Miss. Ct. App. 2007) (citing *Edwards v. Booker*, 796 So. 2d 991, 994 (¶10) (Miss. 2001)). The standard of review for the trial court's decision to affirm or deny an administrative agency's findings and decisions is abuse of discretion. *Brandon v. Miss. Emp't Sec. Comm'n*, 768 So. 2d 341, 343 (¶7) (Miss. 2000).

¶6. Clark argues that both the MDOC and trial court denied him due process and equal protection of the law when it failed to allow him meritorious earned time. The State responds

2

that Clark's status as a habitual offender makes him ineligible to receive meritorious earned time.

¶7.     Mississippi Code Annotated section 47-5-142 (Rev. 2011) provides that any offender shall be eligible, subject to the provisions of that section, to receive meritorious earned time, as distinguished from earned time for good conduct and performance. However, meritorious earned time is subject to the approval by the Commissioner of Corrections. *Id.* This Court has held that "the awarding of meritorious earned time is within the discretion of the MDOC officials." *Green v. Sparkman*, 829 So. 2d 1290, 1291 (¶2) (Miss. Ct. App. 2002) (citing Miss. Code Ann. § 47-5-142 (Rev. 2000)).

¶8.     In *Smith v. State*, 75 So. 3d 82, 84 (¶5) (Miss. Ct. App. 2011), this Court held that the inmate was not entitled to earned time because he was a habitual offender. The Court cited Mississippi Code Annotated section 47-5-139(1)(b) (Rev. 2011), which provides that "an inmate shall not be eligible for earned time allowance if . . . [t]he inmate was convicted as a habitual offender under Sections 99-19-81 through 99-19-87[.]" In essence, earned time is a reduction in sentence. *Lee v. Kelly*, 34 So. 3d 1203, 1206 (¶13) (Miss. Ct. App. 2010).

¶9.     Of Clark's three consecutive sentences, he is serving two terms as a habitual offender under section 99-19-81. "As a [s]ection 99-19-81 habitual offender, [Clark's] sentence cannot 'be reduced or suspended nor shall [he] be eligible for parole or probation.'" *Williams v. State*, 98 So. 3d 484, 489 (¶17) (Miss. Ct. App. 2012). Further, "any inmate sentenced as a habitual offender is not [to] be eligible for earned-time allowance." *Id.* (citing Miss. Code Ann. § 47-5-139(1)(b) (Supp. 2007)).

¶10.    We find no merit to Clark's issue on appeal. The circuit court was correct to find that

as a habitual offender, Clark was not eligible to receive meritorious earned time. MDOC's decision was supported by substantial evidence, was not arbitrary or capricious, was within the scope and power of the MDOC, and did not violate Clark's rights. We affirm.

¶11.  **THE JUDGMENT OF THE CARROLL COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CARROLL COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**