## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2017-CP-00179-COA

RICHARD MASON A/K/A RICHARD
HARRISON MASON A/K/A THE AMERICAN

APPELLANT

v.

MISSISSIPPI DEPARTMENT OF
CORRECTIONS

APPELLEE

DATE OF JUDGMENT:                      01/25/2017
TRIAL JUDGE:                           HON. W. ASHLEY HINES
COURT FROM WHICH APPEALED:             SUNFLOWER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:                RICHARD HARRISON MASON (PRO SE)
ATTORNEY FOR APPELLEE:                 OFFICE OF THE ATTORNEY GENERAL
                                       BY: DARRELL CLAYTON BAUGHN
NATURE OF THE CASE:                    CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                           AFFIRMED: 10/24/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., BARNES AND FAIR, JJ.

### FAIR, J., FOR THE COURT:

¶1.    Richard Mason was convicted of sexual battery in 2005 and was sentenced to serve

thirty years in prison.  Mason contends that he is eligible for meritorious earned time, a

conditional reduction in sentence that operates as an "incentive for offenders to achieve

positive and worthwhile accomplishments for their personal benefit or the benefit of others."

Miss. Code Ann. § 47-5-142 (Rev. 2015).  The Mississippi Department of Corrections

disagreed, and after Mason brought this lawsuit, the circuit court found him ineligible as

well.  Because Mason is a sex offender and statutorily barred from meritorious earned time,

we affirm.

**DISCUSSION**

¶2.     Mason bases his argument on section 47-5-142(1), which states that "any" offender shall be eligible to receive meritorious earned time, "subject to the provisions of this section . . . as distinguished from earned time for good conduct and performance." He points out that he is an offender and that nothing in section 47-5-142 expressly prohibits him from being eligible.

¶3.     However, Mississippi Code Annotated section 47-5-139(1)(d) (Rev. 2015) provides: "An inmate shall not be eligible for the earned time allowance if . . . [t]he inmate was convicted of a sex crime." This Court has repeatedly held that, notwithstanding the broad language in section 47-5-142, eligibility for meritorious earned time is controlled by section 47-5-139. *See Riley v. State*, 150 So. 3d 138, 140 n.2 (Miss. Ct. App. 2014); *Clark v. Miss. Dep't of Corr.*, 148 So. 3d 403, 404-05 (¶¶8-9) (Miss. Ct. App. 2014); *Smith v. State*, 75 So. 3d 82, 83-84 (¶5) (Miss. Ct. App. 2011); *Sykes v. Epps*, 963 So. 2d 31, 32-33 (¶7) (Miss. Ct. App. 2007); *Golden v. Epps*, 958 So. 2d 271, 275 (¶8) (Miss. Ct. App. 2007).

¶4.     The circuit court correctly dismissed Mason's complaint because, having been convicted of a sex crime, Mason is not eligible to have his sentence reduced for meritorious earned time.

¶5.     **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. TINDELL, J., NOT PARTICIPATING.**