# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01379-COA

**MATTHEW JOSEPH GIVENS A/K/A**                       **APPELLANT**
**MATTHEW J. GIVENS**

**v.**

**MISSISSIPPI DEPARTMENT OF**                       **APPELLEE**
**CORRECTIONS**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/31/2018 |
| TRIAL JUDGE: | HON. JEFF WEILL SR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | MATTHEW JOSEPH GIVENS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DARRELL CLAYTON BAUGHN |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 11/05/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE J. WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**LAWRENCE, J., FOR THE COURT:**

¶1. Matthew Givens was convicted of fondling. On March 11, 2010, he was sentenced to serve twelve years in prison. Givens contends that he is eligible for meritorious earned time, a conditional reduction in a sentence that operates as an "incentive for offenders to achieve positive and worthwhile accomplishments for their personal benefit or the benefit of others." Miss. Code Ann. § 47-5-142 (Rev. 2015). He filed two separate requests for relief through the Mississippi Department of Corrections (MDOC) administrative remedy program. The MDOC denied both requests, stating that Givens was prohibited from

receiving meritorious earned time as a sex offender. Givens then filed a complaint in the Hinds County Circuit Court, which also found him ineligible.[1] Because Givens is a sex offender and statutorily barred from meritorious earned time under Mississippi Code Annotated section 47-5-139(1)(d) (Rev. 2015), we affirm.

## STANDARD OF REVIEW

¶2. "The Court will not disturb a decision of an administrative agency, like the Department [of Corrections], unless the decision is unsupported by substantial evidence, is arbitrary or capricious, is beyond the agency's scope or powers, or is a violation of the party's constitutional rights." *Thomas v. Miss. Dep't of Corr.*, 248 So. 3d 786, 789 (¶8) (Miss. 2018), *reh'g denied* (June 14, 2018).

## DISCUSSION

¶3. Givens bases his argument on section 47-5-142(1), which states that "any" offender shall be eligible to receive meritorious earned time, "subject to the provisions of this section . . . as distinguished from earned time for good conduct and performance." He claims he should receive meritorious earned time since nothing in section 47-5-142 expressly prohibits him from being eligible.

¶4. Mississippi Code Annotated section 47-5-139(1)(d), however, prohibits Givens from being eligible, stating: "An inmate shall not be eligible for the earned time allowance if

---

[1] The court dismissed Givens's complaint under Mississippi Rule of Civil Procedure 12(b)(6).

. . . [t]he inmate was convicted of a sex crime." "This Court has repeatedly held that, notwithstanding the broad language in section 47-5-142, eligibility for meritorious earned time is controlled by section 47-5-139." *Mason v. Miss. Dep't of Corr.*, 248 So. 3d 840, 841 (¶3) (Miss. Ct. App. 2017), *reh'g denied* (Apr. 17, 2018), *cert. denied*, 247 So. 3d 1265 (Miss. 2018); *see, e.g.*, *Riley v. State*, 150 So. 3d 138, 140 n.2 (Miss. Ct. App. 2014); *Clark v. Miss. Dep't of Corr.*, 148 So. 3d 403, 404-05 (¶¶8-9) (Miss. Ct. App. 2014); *Smith v. State*, 75 So. 3d 82, 83-84 (¶5) (Miss. Ct. App. 2011); *Sykes v. Epps*, 963 So. 2d 31, 32-33 (¶7) (Miss. Ct. App. 2007); *Golden v. Epps*, 958 So. 2d 271, 275 (¶8) (Miss. Ct. App. 2007).

¶5. Because Givens was convicted of a sex crime, he is not eligible to have his sentence reduced for meritorious earned time. Therefore, the circuit court correctly dismissed Givens's complaint.

¶6. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR.**